# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# 3:16-MC-59

| | |
|---|---|
| URBAN EVOLUTIONS, INC., | ) |
|     Plaintiff/Judgment Creditor, | ) |
| v. | )    **ORDER** |
| RAIVO KYNNAP, | ) |
|     Defendant/Judgment Debtor. | ) |

**THIS MATTER** comes before the Court on Plaintiff/Judgment Creditor Urban Evolutions, Inc.'s Motion for Final Execution and Order to Preclude Exempt Property Rights [Dk. # 6]. Having considered the relevant statutes and rules, the Court finds and concludes as follows:

## FINDINGS OF FACT

1. Judgment was entered on February 8, 2016, in the Eastern District of Wisconsin, in favor of the Judgment Creditor against the Judgment Debtor for recovery of the sum of $84,749.99, plus interest and costs.

2. The Judgment was registered with this Court on March 25, 2016 [Dk. # 1].

3. Judgment in favor of the Judgment Creditor has not been satisfied, vacated, or reversed.

4. Notice of Right to Have Exemptions Designated was duly issued by this Court on April 29, 2016 [Dk. # 3], and a copy of the Notice together with the Notice to Claim Exempt Property (Statutory Exemptions) were served upon the Judgment Debtor, as set forth in the Affidavit of Service filed on May 10, 2016 [Dk. # 5].

5. Judgment Debtor filed a Notice to Claim Exempt Property on May 23, 2016 [Dk. # 6].

6. Judgment Debtor's Notice to Claim Exempt Property fails to specifically identify any exempt property or provide any information concerning the property in which Judgment Debtor claims exemptions. Specifically, the Notice to Claim Exempt Property:

   a. fails to provide any information about or to attach the deed or instrument of conveyance for the real property where Judgment Debtor currently resides and in which he claims an exemption, as required by Section 5 of the Notice;

   b. identifies "all personal property" as exempt, but fails to provide any description or other information for his household furnishings, goods, apparel, and other personal property as required by Section 6 of the Notice;

   c. identifies "all vehicles" as exempt, but fails to provide any description or other information for any vehicle(s) as required by Section 7 of the Notice;

   d. fails to provide any description or other information for any implements, professional books, or tools of his trade as required by Section 10 of the Notice, but instead lists "all items;" and

   e. fails to provide any description or other information for any government retirement benefits to which he is entitled as required by Section 15, but instead lists "all retirement benefits."

7. Judgment Debtor's Notice to Claim Exempt Property fails to provide the fair market value for any of his property, or describe the value of his interest in that property.

8. Judgment Debtor did not make any attempt to claim any exemptions other than those asserted in his Notice to Claim Exempt Property.

9. Judgment Creditor filed the present Motion on May 26, 2016 [Dk # 6], more than twenty days after Judgment Debtor was served with the Notice of Right to Have Exemptions.

10. Judgment Debtor was notified of his right to respond to the Motion by June 15, 2016 [Dk # 7]. Judgment debtor did not file a response.

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the parties and subject matter of this dispute.

2. Judgment Debtor's Notice to Claim Exempt Property is deficient as a matter of law.

3. Accordingly, Judgment Debtor's Notice to Claim Exempt Property fails to properly assert or maintain any claimed exemption.

4. Judgment Debtor has waived his right to claim an exemption in any property, his exempt property rights are precluded, and none of Judgment Debtor's property may be set aside as exempt from execution.

5. Judgment Creditor is entitled to the issuance of a writ of execution against Judgment Debtor.

**IT IS SO ORDERED** that Defendant/Judgment Debtor has waived his right to claim any exemption and that all of the Defendant/Judgment Debtor's exempt property rights are precluded.

**IT IS FURTHER ORDERED** that the Clerk of Court shall immediately issue a writ of execution against Defendant/Judgment Debtor.

This the 6th day of July 2016.

Frank D. Whitney
Chief United States District Judge